**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 23-4515**

───────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JARROD EUGENE DAVIS,

        Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:23-cr-00005-D-RJ-1)

───────────

Submitted:  June 13, 2024                            Decided:  June 17, 2024

───────────

Before RUSHING and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

**ON BRIEF:** G. Alan DuBois, Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jarrod Eugene Davis appeals the 138-month sentence imposed following his guilty plea to possession with intent to distribute fentanyl and heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); and possession of a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2018).[*]  On appeal, Davis argues the sentence is substantively unreasonable.  We affirm.

"We review the reasonableness of a [criminal] sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard, regardless of whether the sentence is inside, just outside, or significantly outside the Guidelines range."  *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (cleaned up).  In performing that review, we first "evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence."  *Id.*  We then review the substantive reasonableness of a sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)."  *United States v. Abed*, 3 F.4th 104, 119 (4th Cir. 2021) (internal quotation marks omitted).

---

[*] Section 924(a)(2) was amended and no longer provides the penalty for § 922(g) convictions.  *See* Bipartisan Safer Communities Act, Pub. L. No. 117-159, § 12004(c), 136 Stat. 1313, 1329 (2022).

A district court may upwardly depart from an applicable Guidelines range "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S. Sentencing Guidelines Manual § 4A1.3(a)(1), p.s. (2021). In making this determination, the district court may consider unscored prior convictions. USSG § 4A1.3(a)(2)(A), p.s. The greater the departure, "the more a reviewing court must carefully scrutinize the reasoning offered by the district court in support of the sentence." *United States v. Dalton*, 477 F.3d 195, 199 (4th Cir. 2007) (internal quotation marks omitted).

Here, the district court heard Davis' mitigating arguments and thoroughly explained why it found them unpersuasive. The district court explained in detail why an upward departure from a total advisory Guidelines range of 97 to 106 months' imprisonment to a total range of 123 to 138 months' imprisonment was necessary to adequately account for Davis' unscored criminal history. The court also thoroughly explained why a sentence at the top of the chosen departure range was sufficient but not greater than necessary to account for the severity of Davis' conduct, his personal circumstances, and his criminal history. Although "reasonable jurists could perhaps have balanced those competing factors differently and arrived at a different result, we cannot conclude that this is one of the rare cases where the sentence imposed by the district court was substantively unreasonable in light of the § 3553(a) factors." *Abed*, 3 F.4th at 119 (cleaned up).

We therefore affirm the criminal judgment. We dispense with oral argument because the facts and contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*